# EXHIBIT 1

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
6/11/2019 3:08 PM
James A. Noel
CLERK OF THE COURT
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

TRINITY PEST CONTROL LLC and CHARLES
CARROLL,

    Plaintiffs,

v.                                                                Case No. D-202-CV-2019-04515

WELLS FARGO BANK, N.A.,

    Defendant.

## COMPLAINT FOR (I) CONVERSION, (II) UNJUST ENRICHMENT, (III) VIOLATIONS OF THE UNFAIR PRACTICES ACT, AND (IV) PRIMA FACIE TORT

COME NOW Trinity Pest Control LLC ("Trinity") and Charles Carroll (the "Plaintiffs"), by and through the undersigned counsel, and for their Complaint (the "Complaint") against Wells Fargo Bank, N.A. ("Wells Fargo"), STATE:

### Parties and Jurisdiction

1.    Plaintiff Trinity is a New Mexico LLC with its principal place of business in Albuquerque, Bernalillo County, New Mexico.

2.    Plaintiff Charles Carroll is an individual residing in Albuquerque, Bernalillo County, New Mexico.

3.    Defendant Wells Fargo is a national banking association doing business in Albuquerque, Bernalillo County, New Mexico.

4.    The Court has personal and subject matter jurisdiction over these defendants and this matter.

5.    Venue is proper in this Court.

## General Allegations

6. On or about May 16, 2014, Kimberly Carroll, the daughter of Charles Carroll, approached Wells Fargo to inquire about a personal loan to refinance an existing auto loan with a third-party lender.

7. Kimberly Carroll was advised by Wells Fargo that she would need to have a guarantor co-sign the loan application.

8. Kimberly Carroll contacted her mother, Cindy Carroll, who told Kimberly that she would not co-sign the loan.

9. Kimberly Carroll asked her mother if Charles Carroll would co-sign the loan.

10. Cindy Carroll told Kimberly that she would have to ask her father herself.

11. Upon relaying this information to the loan officer at Wells Fargo, the loan officer advised Kimberly Carroll that she didn't have to ask Charles Carroll to co-sign the loan application, she could just sign for him.

12. Kimberly Carroll was an unsophisticated borrower and had no experience in obtaining bank loans, and did as instructed by the loan officer.

13. On or about May 16, 2014, Wells Fargo and Kimberly Carroll entered into a Personal Loan Agreement (the "Loan Agreement") in the amount of $21,224.24, documented as Loan No. 50231104378579001.

14. The final page of the Loan Agreement shows a signature for Charles Carroll, as a "Co-Borrower," and a date that both exactly match the handwriting of Kimberly Carroll.

15. Charles Carroll never signed the Loan Agreement or a personal guarantee or any other document relating to the Loan Agreement.

16. Charles Carroll was completely unaware that his signature had been used on the Loan Agreement, and did not consent to his signature being used as a co-borrower.

17. Charles Carroll is therefore not liable for any amounts due under Loan No. 50231104378579001.

18. Similarly, Trinity never signed the Loan Agreement or a personal guarantee or any other document relating to the Loan Agreement.

19. Trinity, as a New Mexico limited liability company, is a separate legal entity from Charles Carroll.

20. In late 2014, Cindy and Charles Carroll learned that Wells Fargo had advised Kimberly Carroll to sign the loan document for her father.

21. Cindy Carroll contacted Wells Fargo trying to discover how this could have happened without his consent, and went so far as to fly to Omaha to meet with the branch manager there where the loan was originated.

22. The Wells Fargo branch manager, Michaela Patterson, refused to acknowledge that it had made an error or done anything wrong relating to the Loan Agreement.

23. Ms. Patterson instead blamed Kimberly Carroll and accused her of fraud in forging the signature.

24. Despite claiming that the signature was forged by Kimberly Carroll with the intent to commit fraud, Wells Fargo still refused to release Charles Carroll from the Loan Agreement.

25. At the time of the meeting with Michaela Patterson, Kimberly Carroll was current on payments under the Loan Agreement.

26. In 2015, subsequent to the meeting with Michaela Patterson, Kimberly Carroll defaulted under the Loan Agreement.

27. Rather than repossessing the car, on June 16, 2015, Wells Fargo debited $8,665.37 from the Wells Fargo checking account of Trinity.

28. On June 17, 2015, Wells Fargo assessed an overdraft fee of $35.00 on the account of Trinity.

29. The overdraft was caused by Wells Fargo debiting the account the previous day.

30. Upon investigation of why Wells Fargo had debited Trinity's account, Cindy and Charles Carroll learned that it was to cover a default under the Loan Agreement.

31. Even if Charles Carroll had been a co-borrower under the Loan Agreement (which he was not), Trinity was not a party to the transaction.

32. Wells Fargo had no legal right to setoff funds from Trinity's account.

33. Wells Fargo reported the default on Charles Carroll's credit.

34. Wells Fargo then employed a collection agency / collection agencies that made threatening phone calls to Charles and Cindy Carroll in an attempt to collect the remaining balance due under the Loan Agreement.

35. The impact on Charles Carroll's credit resulted in Trinity being unable to qualify to bid on government contracts that it had obtained in the past, resulting in a substantial loss of income for Trinity.

36. Specifically, one such contract with the City of Albuquerque requires a surety bond. This contract previously generated a minimum of $120,000.00 per year for Trinity. Trinity has been unable to apply for this contract since August, 2016, when the surety bond application was "declined due to credit."

37. Cindy and Charles Carroll have diligently and repeatedly tried to get Wells Fargo to resolve this issue out of Court, and Wells Fargo has ignored their attempts to reach a resolution.

## Count I – Conversion

38. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

39. As Charles Carroll did not agree to be bound by the Loan Agreement, did not sign the Loan Agreement, and did not give his permission for his signature to be placed on the Loan Agreement, he is not liable for any obligations under the Loan Agreement.

40. Despite this issue being brought to Wells Fargo's attention in 2014, Wells Fargo did nothing to remedy the issue.

41. Even if Kimberly Carroll had fraudulently intended to sign for Charles Carroll, which she did not, once Wells Fargo was notified of the issue Charles Carroll should have been released from the Loan Agreement.

42. Trinity, however, was never a party to the Loan Agreement.

43. When Wells Fargo debited Trinity's account for $8,665.37 on June 16, 2015, it unlawfully exercised of dominion and control over personal property belonging to Trinity in exclusion or defiance of Trinity's rights.

44. Wells Fargo's acts constituted an unauthorized and injurious use of Trinity's property.

45. Wells Fargo is therefore liable to Trinity for damages in an amount to be proven at trial, consisting of compensatory and punitive damages, including Trinity's costs and attorney's fees.

## Count II – Unjust Enrichment

46. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

47. Wells Fargo was not in any way entitled to set off funds from Trinity's checking account to apply said funds toward the amount due under the Loan Agreement.

48. Wells Fargo has been knowingly benefitted at Trinity's expense in a manner such that allowance of Wells Fargo to retain the benefit would be unjust.

49. Wells Fargo is therefore liable to Trinity for damages in an amount to be proven at trial, consisting of compensatory and punitive damages, including Trinity's costs and reasonable attorney's fees.

### Count III – Violation of the Unfair Practices Act

50. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

51. Wells Fargo's agent, the loan officer, encouraged Kimberly Carroll, an unsophisticated borrower, to forge Charles Carroll's signature as a co-borrower on the Loan Agreement.

52. The loan officer knew that Charles Carroll had not consented to co-sign the Loan Agreement and that Kimberly Carroll had, in fact, not even spoken to him yet about co-signing.

53. Even when confronted after the fact with the knowledge that the signature had been forged, Wells Fargo, through branch manager Michaela Patterson, refused to remedy the issue by releasing Charles Carroll from the Loan Agreement.

54. Wells Fargo then, knowing that Charles Carroll should not be liable, debited not his account but Trinity's account for $8,665.37.

55. Trinity clearly was not a party to the Loan Agreement.

56. Pursuant to the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1 et seq., "Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." *See NMSA 1978 § 57-12-3.*

57. Wells Fargo's actions in encouraging Kimberly Carroll to forge Charles Carroll's signature, failing to remedy the issue after it was brought to a manager's attention, and converting funds from Trinity's account all violate the Unfair Practices Act.

58. Wells Fargo's actions in wrongfully damaging Charles Carroll's credit, and continuing to do so despite knowledge of the falsity of his signature, also violate the Unfair Practices Act.

59. Wells Fargo's action in violating the Unfair Practices Act were clearly willful, as they failed and refused to remedy the issues despite being brought to their attention multiple times.

60. Charles Carroll and Trinity are therefore entitled to an award of actual damages under the Unfair Practices against Wells Fargo in an amount to be proven at trial, times three for the violations being willful, plus attorney's fees and costs. *See NMSA 1978 § 57-12-10.*

## COUNT IV – PRIMA FACIE TORT

61. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

62. Wells Fargo, through its agent, intentionally advised Kimberly Carroll to sign for her Charles Carroll as a co-borrower.

63. Wells Fargo, through its agent, intentionally failed to remove Charles Carroll from the Loan Agreement when the falsity of the signature what brought to the branch manager's attention.

64. Wells Fargo, through its agent(s), intentionally wrongfully reported the debt on Charles Carroll's credit report.

65. Wells Fargo, through its agent(s), intentionally failed to remove the debt from Charles Carroll's credit report when the falsity of the signature what brought to the branch manager's attention.

66. Wells Fargo, through its agents, intentionally set off the sum of $8,665.37 from Trinity's bank account.

67. Wells Fargo, through its agent(s), knew with certainty that that actions listed in paragraphs 61 to 65 herein would harm Charles Carroll and Trinity.

68. Wells Fargo's actions did cause harm to Charles Carroll and Trinity, through the loss of the funds that were set off from Trinity's account and the damage to Charles Carroll's credit.

69. Wells Fargo was not justified in its actions, as neither Charles Carroll nor Trinity were liable under the Loan Agreement.

70. Charles Carroll and Trinity are therefore entitled to an award of damages against Wells Fargo in an amount to be proven at trial, including compensatory and punitive damages, and attorney's fees and costs.

WHEREFORE, Charles Carroll and Trinity, Plaintiffs, respectfully request that the Court enter judgment in their favor against Wells Fargo on the preceding counts, and grant such other relief as the Court deems appropriate. Pursuant to Rule 1-038(B)(1) NMRA, Plaintiff demands a 6-person jury trial for all claims upon which a jury trial is available.

Respectfully submitted,

GIDDENS & GATTON LAW, P.C.

/s/ Chris M. Gatton,
Submitted electronically 6.11.19
10400 Academy NE, Suite 350
Albuquerque, NM  87111
Phone : (505) 271-1053
Fax : (505) 271-4848
Email : chris@giddenslaw.com
*Counsel for Plaintiffs Charles Carroll and Trinity Pest Control LLC*

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
7/9/2019 3:50 PM
James A. Noel
CLERK OF THE COURT
Brittany Tso

4-206. Summons.

| SUMMONS | |
|---|---|
| District Court: SECOND JUDICIAL Bernalillo County, New Mexico Court Address: 400 Lomas Blvd NW Albuquerque, NM 87102 Court Telephone No.: 505.841.8400 | Case Number: D-202-CV-2019-04515<br><br>Assigned Judge: Denise Barela-Shepherd |
| Plaintiff(s): TRINITY PEST CONTROL LLC and CHARLES CARROLL<br><br>v.<br><br>Defendant(s): WELLS FARGO BANK, N.A. | Name:<br><br>Wells Fargo Bank, N.A. c/o Corporation Service Company d/b/a CSC – Lawyers Incorporating Service – Registered Agent 2710 Gateway Oaks Dr., Suite 150N Sacramento, CA 94163 |

**TO THE ABOVE-NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this _____ day of 7/2/2019 _____, 2019.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna, Deputy

/s/Christopher M. Gatton
Attorney for Plaintiff
Name: Christopher M. Gatton
Giddens & Gatton Law, P.C.
Address: 10400 Academy NE, Suite 350
Telephone No.: (505) 271-1053
Fax No.: (505) 271-4848
Email Address: chris@giddenslaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**4-206. Summons.**

**RETURN**[1]

STATE OF NEW MEXICO  )
                                     ) ss
COUNTY OF _BERNALILLO_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _5th_ day of _July_ _2019_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X] to the defendant by (mail) [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

4-206. Summons.

Wells Fargo Bank, NA
C/o Corporation Service Company
☒ d/b/a CSC Lawyers Inc. Service (name of person), Kaitlyn Mannix, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees:

_____
Signature of person making service
LEGAL ASSISTANT
Title (if any)

Subscribed and sworn to before me this 9th day of July, 2019[2]

_____
Judge, notary or other officer
authorized to administer oaths
Administrative & Marketing Coordinator
Official title

OFFICIAL SEAL
Diane Duran
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 3-9-2021

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Wells Fargo Bank, N.A.
    c/o Corporation Service Company
    d/b/a CSC – Lawyers Incorporating Service
    – Registered Agent
    2710 Gateway Oaks Dr., Suite 150N
    Sacramento, CA 94163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  *Kaitlyn Mannix*   ☐ Agent / ☑ Addressee

B. Received by (Printed Name): Kaitlyn Mannix    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☑ Certified Mail   ☐ Priority Mail Express
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7017 1450 0002 0030 4554

PS Form 3811, July 2013    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box®

Giddens & Gatton Law, P.C.
10400 Academy Rd NE, Suite 350
Albuquerque, NM 87111









**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Wells Fargo Bank, N.A.
   c/o Douglas R. Edwards –
   Executive Vice President
   & Deputy General Counsel
   Wells Fargo & Company
   P.O. Box 63750
   San Francisco, CA 94163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _M____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   M___                           JUL 0 5 2018

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Priority Mail Express
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7017 1450 0002 0030 4561

PS Form 3811, July 2013    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

   Giddens & Gatton Law, P.C.
   10400 Academy Rd NE, Suite 350
   Albuquerque, NM 87111

Carroll